**Robert D. FRANKLIN, Plaintiff,**

v.

**Nellie F. WALKER, Max K. Walker, Marian Elizabeth Burrough, Raymond De-Ford, Mrs. Raymond DeFord, Defendants.**

### No. 1622.

United States District Court,
N. D. Indiana, South Bend Division.
April 1, 1955.

Hammerschmidt & Johnson, Milton Johnson, South Bend, Ind., for plaintiff.

Hillis & Hillis, Logansport, Ind., Church & Chester, Elkhart, Ind., for defendants.

PARKINSON, District Judge.

This is an action wherein the plaintiff is seeking to have a constructive trust impressed upon real estate, to quiet title and for an accounting, with the defendants, Nellie F. Walker, Max K. Walker and Marian Elizabeth Burrough, devisees of Walter Y. Walker, deceased, interposing a defense of estoppel and laches and seeking a decree quieting title in them and with the defendants, Raymond DeFord and Eva M. DeFord, alleging an interest under contracts of purchase and seeking damages from their codefendants if the plaintiff prevails and a decree quieting title in them if their codefendants prevail in the main action.

The cause was tried to the court and it is the decision of the cause on the merits which now commands the attention of this Court.

█ It is the law in Indiana that a sale of real estate made by an executor or administrator to himself through a third party is voidable at the election of the cestui que trust but is not void, and if one who has the right to avoid receives the proceeds from the sale, or any part thereof, with full knowledge of all the facts, he thereby confirms and ratifies the sale and cannot afterwards avoid it.

It is the contention of the plaintiff that this is not an action to set aside the sale and that the plaintiff was the victim of a fraud. There is no evidence of fraud in the record and whether this be an action to set aside the sale and thus governed by the five year statute of limitations of the State of Indiana, Burns' Ann.St. § 2–602, is of no import in the determination of the issues here in controversy.

█ We believe it to be basic and elemental, and we so hold, that where two parties, with full knowledge of all the facts, make valid commitments, untainted by fraud and free from mistake and illegality, they are bound thereby, and, unless there be some valid legal prohibition, the law should require that such commitments be honored by the parties making them. To hold otherwise would abort our conception of honesty and fair dealing.

The basic facts necessary to the determination of the issues are largely undisputed. It was stipulated by the parties at pre-trial conference that Harry Lincoln Chapman deeded the real estate in controversy to the plaintiff, Robert B. Franklin, on September 13, 1935, and the plaintiff remained the owner of the fee until January 24, 1939, and the uncontra-

dicted evidence discloses that the plaintiff, as the sole residuary legatee and devisee of Harry Lincoln Chapman, was defendant in the proceedings to sell the real estate in the estate of Harry Lincoln Chapman, deceased; that the plaintiff executed a written waiver and assent to sale and that he was bound to have and did have full knowledge of all of the proceedings in the estate of Harry Lincoln Chapman, deceased, including the proceedings to sell the real estate in controversy in this action; that property in Logansport was way down in price from the time the banks closed until after the war; that prior to the sale of the real estate the plaintiff had been in Logansport and knew the property; that on April 26, 1941, the administrator ran a two column display advertisement in the Logansport Pharos-Tribune as follows:

---

### Administrator's Sale of Residence

Pursuant to order of Cass Circuit Court, I will offer for sale at 1 o'clock P.M., Wednesday, April 30, 1941, the two properties of the late Harry L. Chapman, located at 80–82 Seventh Street, Logansport, Ind., and such sale to be made subject to the approval of the Cass Circuit Court.

Administrator will show this property to prospective bidders from 1 to 3 o'clock P.M. on April 28 and April 29. Phone 9B3, Lucerne Exchange. Terms: To be announced at sale.

Frank Kivett, Auctioneer

Walter Y. Walker, Administrator

---

That on June 1, 1941, Walter Y. Walker wrote a letter to the plaintiff wherein he advised him fully as to all of the facts concerning the sale of said real estate and on June 8, 1941, the plaintiff wrote to Walter Y. Walker informing him that he, the plaintiff, could not take over the property and if he, Walter Y. Walker, could handle it at $1,527 it would be agreeable to him, the plaintiff; that on June 9, 1941, the attorneys for the administrator wrote to the plaintiff also informing him of the facts concerning the sale of the real estate and advising the plaintiff if he had any questions relative thereto they would gladly answer them and on June 26, 1941, the plaintiff wrote to the attorneys for the administrator in reply to their letter and informed them that he had previously received a letter from the administrator concerning the sale and that there were no questions he could think of that he would care to ask; that a final report was thereafter filed in the estate with copy thereof transmitted to and received by the plaintiff showing the sale of the real estate to Perry Moon for $1,527 and showing a balance for distribution to the plaintiff as the sole residuary legatee and devisee which he received and receipted for as evidenced by his signed voucher attached to the final report.

In the opinion of the Court, there is no question that under the evidence the plaintiff received the proceeds from the sale of the real estate in controversy with full knowledge of all the facts and that he confirmed and ratified the sale and that the defendants, Nellie F. Walker, Max K. Walker and Marian Elizabeth Burrough, are entitled to have their title in and to the real estate quieted against the plaintiff subject to the rights of the defendants Raymond DeFord and Eva M. DeFord under their contracts of purchase and subsequent deed and mortgage.

Therefore, the Court having considered all of the evidence, the arguments of counsel and the law applicable thereto does now make the following

### Findings of Fact

1.

Harry Lincoln Chapman died testate on September 6, 1940, a resident of Cass County, Indiana, the owner of the following described real estate situate in Cass County, Indiana, to-wit:

The South One-Half of Lot Numbered Nine (9) and the South one

(1) foot of the North One-Half of Lot Numbered Nine (9) in Cecil and Wilson's First Addition to the City of Logansport, Indiana.

2.

The plaintiff, Robert D. Franklin, was the sole residuary legatee and devisee under the terms of the last will and testament of Harry Lincoln Chapman, deceased.

3.

On September 8, 1940, Walter Y. Walker was appointed administrator cum testamento of the estate of Harry Lincoln Chapman.

4.

On December 9, 1940, Walter Y. Walker, as said administrator, filed a petition to sell the real estate described in Finding No. 1 with plaintiff as defendant and plaintiff executed a written waiver and assent to the sale which was filed in the proceedings to sell in the Cass Circuit Court.

5.

In the proceedings to sell the real estate was appraised by Lowell Neff and Ben Porter for the sum of $1,500; was ordered sold by the Cass Circuit Court; was advertised and sold to Perry Moon for the sum of $1,527, which sale was reported to the Cass Circuit Court and deed approved by said Court.

6.

On June 1, 1941, Walter Y. Walker wrote a letter to the plaintiff informing the plaintiff as to all of the facts concerning the sale of said real estate and on June 8, 1941, the plaintiff replied thereto reading, in pertinent part, as follows:

"Your letter of June 1 was received yesterday, and I was rather surprised the property had not been sold as I understood that it would be for $1550.00. It seems that one cant expect too much under forced sale and since I am in no position to take over the property so if you can handle it at $1527.00 it will be agreeable to me."

7.

On June 9, 1941, the attorneys for said administrator wrote to the plaintiff as follows:

"No doubt Mr. Walker has written you about the sale of the house. He told me that he was going to do so, and I presume that you have all of the information relative to its sale. He was trying to have the property sell for the most it would bring, but the buy bidder placing the last bid had to take the property instead of the one to whom Mr. Walker had hoped the sale would be made, and, therefore will result ultimately in the title going to Mr. Walker from the buy bidder who was Perry Moon. The last bidder besides Mr. Moon was Mr. Furst, who bid $1526.00. The property was sold for $1527.00. This sale will complete the liquidation of the estate, and we can now proceed to close the estate if it meets with your approval. We will have to quiet the title to the real estate since there were certain lost deeds that were never recorded. We will do this immediately so that we can know the definite cost of such proceedings without delaying the closing of the estate.

"Any questions which you may have relative to any of these matters will be gladly answered.

"With kindest personal regards, we remain

"Very truly yours"

8.

On June 26, 1941, the plaintiff replied to the letter set out in Finding No. 7, which reads, in pertinent part, as follows:

"Your letter of June 9, 1941 has been received and contents noted relative to sale of Uncle Harry's property.

"I had previously received a letter from Mr. Walker concerning the matter * * *.

"There are no questions I can think of at the present time that I would care to ask."

**9.**

Plaintiff had full knowledge of all of the facts concerning the sale of said real estate and nothing was concealed from the plaintiff by anyone.

**10.**

On September 20, 1941, Walter Y. Walker, as administrator cum testamento, executed his final report in the estate of Harry Lincoln Chapman, deceased, wherein he accounted for the proceeds from the sale of the real estate in the sum of $1,527, and showing a balance due the plaintiff, as the sole residuary legatee and devisee, in the sum of $951.-77; a copy of said final report was transmitted to and received by the plaintiff and the plaintiff received his distributive share and executed his voucher therefor evidencing said payment.

**11.**

Walter Y. Walker, with full knowledge of all the facts by the plaintiff and with the consent and express agreement of the plaintiff in his own handwriting, eventually acquired title in fee simple to the real estate described in Finding No. 1 and, on February 12, 1953, died testate a resident of Cass County, Indiana, the owner of said real estate which he devised to the defendants, Nellie F. Walker, Max K. Walker and Marian Elizabeth Burrough.

**12.**

Subsequently the defendants and cross-complainants, Raymond DeFord and Eva DeFord, acquired an interest in said real estate under contracts of sale and purchase and are now the owners under said contracts and subsequent deed of conveyance.

**13.**

After July, 1941, Walter Y. Walker spent money upon said real estate in repairs and improvements in amounts which can not at this late date be determined.

**14.**

Since 1941 and prior to the commencement of this action on July 17, 1954, Walter Y. Walker, Perry Moon, Frank Kivett and Lowell Neff have all died and Ben Porter is now under disability and unable to testify as a witness, and, because of the long lapse of time and the deaths and disability of said persons the complete details of the sale of said real estate cannot now be known.

Upon the foregoing findings of fact, the Court does now state its

### Conclusions of Law

**1.**

This Court has jurisdiction of the parties to and the subject matter of this action.

**2.**

The plaintiff, with full knowledge of all the facts, consented and agreed in writing to the sale of the real estate described in Finding No. 1 with Walter Y. Walker eventually acquiring title thereto for the sum of $1,527, and the plaintiff is now estopped from asserting any equitable claim or seeking any equitable relief.

**3.**

The plaintiff, with full knowledge of all the facts, confirmed and ratified the sale of the real estate to Walter Y. Walker and is therefore estopped from asserting any equitable or further claim or seeking any equitable or other relief.

**4.**

The plaintiff, with full knowledge of all of the facts, accepted the net balance of the proceeds from the sale of the real estate described in Finding No. 1 and thereby ratified and confirmed the sale and cannot now assert any claim thereto.

**5.**

The plaintiff is guilty of laches in presenting his claim and because thereof the plaintiff cannot now assert any claim, equitable or otherwise, and is not entitled to any relief, equitable or otherwise.

**6.**

The plaintiff should take nothing by reason of his complaint herein.

**7.**

The defendants, Nellie F. Walker, Max K. Walker and Marian Elizabeth Bur-

rough, are entitled to have their title in and to the real estate described in Finding No. 1 quieted as against the plaintiff subject to the rights of the defendants and cross-complainants, Raymond De-Ford and Eva M. DeFord, under their contracts of sale and purchase and subsequent deed and mortgage.

8.

The defendants, Nellie E. Walker, Max K. Walker and Marian Elizabeth Burrough are entitled to a judgment that the plaintiff take nothing by reason of his complaint herein, and are entitled to a decree quieting title to the following described real estate situate in Cass County, Indiana, to-wit:

"The South One-Half of Lot Numbered Nine (9) and the South one (1) foot of the North One-Half of Lot Numbered Nine (9) in Cecil and Wilson's first Addition to the City of Logansport, Indiana."

subject to the rights of the defendants and cross-complainants, Raymond De-Ford and Eva M. DeFord, under their contracts of sale and purchase and subsequent deed and mortgage.

Clerk ordered to enter judgment accordingly.